UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONNIE MILLER,
     Plaintiff/Petitioner,

vs.

WARDEN, ROSS
CORRECTIONAL INSTITUTION,
     Defendant/Respondent.

Case No. 1:15-cv-688

Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

The instant action commenced on October 15, 2015 when Donnie Miller, an inmate at the

Ross Correctional Institution in Chillicothe, Ohio, filed an application for leave to proceed *in*

*forma pauperis* without an accompanying complaint or habeas corpus petition. (*See* Doc. 1).  On

October 27, 2015, the undersigned issued a Deficiency Order ordering Mr. Miller to "submit to

the Court within **thirty (30) days** . . . a completed and signed form complaint or form habeas

corpus petition specifically setting forth his claims/grounds for relief, the facts in support of his

claims/grounds for relief, the names of the defendant(s) (the persons who caused him harm or

injury if he is filing a complaint) or respondent(s) (the persons with custody over him if he is

filling a habeas corpus petition), and the relief requested." (*See* Doc. 2) (emphasis in original).

Mr. Miller was also expressly advised that his failure to comply with the Deficiency Order

within the requisite 30-day period would result in the dismissal of the case for want of

prosecution. (*See id.*, at PAGEID#: 14).  Although the 30-day deadline date has expired, Mr.

Miller has yet to comply with the October 27, 2015 Deficiency Order.

     District courts have the inherent power to *sua sponte* dismiss civil actions for want of

prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of

cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962).  Failure of a party to respond to an order

of the court warrants invocation of the Court's inherent power in this proceeding.  *See* Fed. R. Civ. P.

41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28

U.S.C. foll. § 2254.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

Date: 12/2/15

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DONNIE MILLER,
     Plaintiff/Petitioner,

     vs.

WARDEN, ROSS
CORRECTIONAL INSTITUTION,
     Defendant/Respondent.

Case No. 1:15-cv-688

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc

3